JUSTICE GRAY,
dissenting.
¶47 I respectfully dissent from the Court’s opinion. It is my view that the Court has merely substituted its judgment for that of the District Court in weighing conflicting evidence and determining the credibility of the witnesses. This is not our proper role.
¶48 It is clear from the Court’s recitation of the factual background of this case that the evidence before the District Court conflicted on the primary questions of whether Anne and Maurice assumed a marital relationship by mutual consent and agreement and whether they had a public reputation of being husband and wife. With regard to the consent and agreement issue, the District Court found that the parties had not mutually consented and agreed to a marital relationship *423 and, indeed, this Court agrees that substantial evidence supports that finding. At that point, our inquiry should end, because we do not substitute our judgment for that of the trial court even where there is evidence of record to support contrary findings. See Alcorn, 263 Mont. at 360, 868 P.2d at 633 (citation omitted).
¶49 Nor does Alcorn support the Court’s determination that Anne and Maurice had assumed a marital relationship by mutual consent and agreement. In Alcorn, the party seeking to establish the common-law marriage testified affirmatively that she and the decedent agreed that they were married and that they were husband and wife. Alcorn, 263 Mont. at 353, 868 P.2d at 631. On that basis, together with other supporting evidence, the district court found — and we upheld the finding — that the parties mutually consented and agreed to a common-law marriage.
¶50 No such clear statement of mutual consent and agreement to a marital relationship appears in the record now before us. Anne’s testimony that she “felt” married to Maurice, and that she “believed” he “felt” married to her, reflects how she and Maurice felt; it does not rise to mutual consent and agreement to a marital relationship. I daresay that many people who live together in an emotionally and physically monogamous relationship “feel” married. That is a far cry, however, from parties actually mutually consenting and agreeing to enter into a marital relationship. Thus, contrary to the Court’s statement, there is no evidence of record in this case similar to that in Alcorn which “shows that Maurice and Anne agreed to a marital relationship.”
¶51 With regard to the question of public repute as husband and wife, the Court is correct that there is evidence to support a finding that Anne and Maurice held themselves out as husband and wife. There also is evidence that they did not hold themselves out as husband and wife, however, and that evidence supports the District Court’s finding. The Court merely picks and chooses from the evidence of record that which supports its own determination — which is contrary to that made by the District Court — that Maurice and Anne held themselves out to the community as husband and wife and had a reputation as a married couple. In doing so, the Court ignores our oft-stated and fundamental rule that “[w]e will not substitute our judgment for that of the District Court even where there is evidence in the record to support contrary findings.” See Alcorn, 263 Mont. at 360, 868 P.2d at 633 (citation omitted).
*424 ¶52 What the Court’s opinion does here is to force feed the similarities between this case and Alcorn into identical results in the two cases. The problem is that the two cases were decided by the respective trial courts on conflicting evidence; it was the trial court’s job in both cases to weigh the evidence before it, determine the credibility of the witnesses and make findings. In Alcorn, the district court found that the parties had mutually agreed and consented to a common-law marriage based on substantially stronger evidence than is of record in this case. We upheld that finding and the court’s ultimate determination that a valid common-law marriage existed. Here, the District Court found — after weighing conflicting evidence and determining the credibility of the witnesses — that Anne and Maurice had not mutually consented and agreed to a common-law marriage and ultimately determined that a valid common-law marriage had not been proven. It is my view that, on this record, we must conclude that the District Court’s finding is not clearly erroneous and hold that the court did not err in determining that Anne did not establish a common-law marriage.
¶53 Finally, I note the Court’s conclusion that, notwithstanding the substantial evidence supporting the District Court’s findings of fact, “th[at] court misapprehended the effect of the evidence.” The Court does not explain what it means by this conclusion or how the District Court’s weighing of conflicting evidence constitutes a “misapprehension of the evidence” which allows this Court to substitute its judgment for that of the trial court on matters of fact. What is clear is that the Court is sympathetic to Anne’s plight; I am as well. It also is relatively clear that the members of this Court would have weighed the evidence differently in making findings had they been the trial court presiding over this case; I might have done so, too. It is not our role, however, to decide cases on the basis of which party pulls at our heartstrings. Nor is it our role to override a trial judge’s considered weighing of conflicting evidence in order to produce a result more to our liking from a human standpoint. If this is the road the Court intends to follow in applying the “misapprehends the effect of the evidence” prong of our clearly erroneous test for findings of fact, I cannot agree. Such an approach will produce result-oriented decisions which destabilize the state of the law, denigrate the role of Montana’s dedicated trial judges, and cheat litigants who prevailed at the trial court level. I dissent.
*425 ¶54 I would affirm the District Court’s findings and conclusions relating to the nonexistence of a common-law marriage.
¶55 With regard to the issue raised on cross-appeal and not separately addressed by the Court because of its erroneous reversal of the District Court on the common-law marriage issue, I would reverse and remand to the District Court for further proceedings. As discussed above, it is my view that the District Court’s finding that Anne was not Maurice’s common- law spouse is not clearly erroneous and is entitled to be affirmed. As a result, the cross-appeal question of whether Maurice died intestate, as contended by Anne, or died leaving a valid will, as asserted by Shorland, becomes critical.
¶56 The District Court found that no will had been located and ultimately ordered that the estate was an intestate estate. The record reflects, however, that a purported will signed by Maurice and dated March 30,1970, was attached to Shorland’s reply to Anne’s petition for adjudication of intestacy. Thus, the District Court’s finding is not supported by substantial evidence.
¶57 Moreover, while it is true that the parties and the trial court agreed that the validity of the purported will would not be determined until after the determination of Anne’s spousal status, it is entirely unclear why the District Court — having correctly determined that Anne was not a surviving spouse — went on to make a finding and order of intestacy which did not take into account the purported will which was of record and of which the court clearly was aware.
¶58 For these reasons, I would reverse and remand for further proceedings on the cross-appeal issue involving whether or not Maurice died intestate.
JUSTICE TRIEWEILER joins in the foregoing dissent of JUSTICE GRAY.